08 Civ. 4027 (PAC) (FM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Victor T.R. Djangmah
A # 427-90075,

                                                      Plaintiff,

                        -against-

Officer Falcione, et. al.,

                                                      Defendants.


## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant Michael Falcione*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Elizabeth Krasnow*
*Tel: (212) 788-0976*
*Matter No.: 2008-019702*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ......................................................................................... 2

STANDARD OF REVIEW ........................................................................................ 2

ARGUMENT

POINT I

THE STOP OF PLAINTIFF'S CAR AND HIS SUBSEQUENT ARREST DO NOT GIVE RISE TO A CLAIM UNDER THE FOURTH AMENDMENT...................................................................... 4

    A.   The Stop Of Plaintiff's Car Was Supported By Reasonable Suspicion And Officer Falcione Lawfully Ordered Plaintiff To Exit The Car....................................... 4

    B.   Plaintiff's Arrest Was Justified By Probable Cause................................................................................... 6

POINT II

THERE IS INSUFFICIENT EVIDENCE IN THE RECORD FROM WHICH A JURY COULD REASONABLY CONCLUDE THAT OFFICER FALCIONE USED EXCESSIVE FORCE AGAINST PLAINTIFF ........................................................................ 9

POINT III

TO THE EXTENT THE COURT CONSTRUES THE AMENDED COMPLAINT TO RAISE A CLAIM FOR MALICIOUS PROSECUTION, ANY SUCH CLAIM FAILS AS A MATTER OF LAW ........................................................................... 14

CONCLUSION............................................................................................................. 16

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Pages**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986)....................................................................................................... 3

Bove v. New York City,
    98 Civ. 8800 (HB), 1999 U.S. Dist. LEXIS 12112 (S.D.N.Y. Aug. 5, 1999) ........................ 13

Bradley v. Village of Greenwood Lake,
    376 F. Supp. 2d 528 (S.D.N.Y. 2005)................................................................................ 12

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986)....................................................................................................... 3

Decker v. Campus,
    981 F. Supp. 851 (S.D.N.Y. 1997) ................................................................................... 9

Devenpeck v. Alford,
    543 U.S. 146 (2004)....................................................................................................... 7

Drummond v. Castro,
    522 F. Supp. 2d 667 (S.D.N.Y. 2007)................................................................................ 12

Esmont v. City of New York,
    371 F. Supp. 2d 202 (E.D.N.Y. 2005) ......................................................................... 11, 12

First National Bank of Arizona v. Cities Service Co.,
    391 U.S. 253 (1968)....................................................................................................... 2

Gashi v. County of Westchester,
    02 CV 6934 (GBD), 2007 U.S. Dist. LEXIS 19789 (S.D.N.Y. Mar. 9, 2007)........................ 13

Gallo v. Prudential Residential Servs., Ltd. Partnership,
    22 F.3d 1219 (2d Cir. 1994)............................................................................................ 3

Graham v. Connor,
    490 U.S. 386 (1989)....................................................................................................... 10

Gil v. County of Suffolk,
    590 F. Supp. 2d 360 (E.D.N.Y. 2008) ............................................................................. 11

Gonzalez v. City of New York,
    98-CV-3084 (ILG), 2000 U.S. Dist. LEXIS 5230 (E.D.N.Y. Mar. 7, 2000) ......................... 11

Holeman v. City of New London,
    425 F.3d 184 (2d Cir. 2005)............................................................................................ 5

| **Cases** | **Pages** |
|---|---|

Jaegly v. Couch,
439 F.3d 149 (2d Cir. 2006)..................................................................... 7

Jeffreys v. Rossi,
275 F. Supp. 2d 463 (S.D.N.Y. 2003),
aff'd, 426 F.3d 549 (2d Cir. 2005)................................................. 2, 10, 13

Lennon v. Miller,
66 F.3d 416 (2d Cir. 1995)....................................................................... 8

Marcavage v. City of New York,
No. 05 Civ. 4949 (RJS), 2010 U.S. Dist. LEXIS 107724 (S.D.N.Y. Sept. 29, 2010).............. 8

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
475 U.S. 574 (1986).................................................................................. 3

Maxwell v. City of New York,
380 F.3d 106 (2d Cir. 2004)................................................................... 10

Mollica v. Volker,
229 F.3d 366 (2d Cir. 2000)..................................................................... 6

Murphy v. Lynn,
118 F.3d 938 (2d Cir. 1997)................................................................... 13

Nogbou v. Mayrose,
07 Civ. 3763 (RWS), 2009 U.S. Dist. LEXIS 96118 (S.D.N.Y. Oct. 14, 2009).............. 10, 13

Pennsylvania v. Mimms,
434 U.S. 106 (1977).................................................................................. 6

Phelps v. Szubinski,
577 F. Supp. 2d 650 (E.D.N.Y. 2008) ..................................................... 13

Russo v. New York,
672 F.2d 1014 (2d Cir. 1982).................................................................. 14

Savino v. City of New York,
331 F.3d 63 (2d Cir. 2003)........................................................................ 2

Scott v. Harris,
550 U.S. 372 (2007).................................................................................. 9

Smart v. City of New York,
08 Civ. 2203 (HB), 2009 U.S. Dist. LEXIS 30241 (S.D.N.Y. Apr. 1, 2009).......................... 7

**Cases**                                                                                                    **Pages**

Thomas v. City of New York,
    09 Civ. 3162 (HBP), 2010 U.S. Dist. LEXIS 137166 (S.D.N.Y. Dec. 22, 2010) ..................... 7

Tota v. Bentley,
    06 CV 514S (WMS), 2009 U.S. Dist. LEXIS 91229 (W.D.N.Y. Sept. 30, 2009) ................. 14

United States v. Dhinsa,
    171 F.3d 712 (2d Cir. 1999)................................................................................................ 4

United States v. Ferguson,
    130 F. Supp. 2d 560 (S.D.N.Y. 2001)............................................................................... 4

United States v. Garcia,
    279 F. Supp. 2d 294 (S.D.N.Y. 2003)........................................................................ 4, 5, 6

United States v. Scopo,
    19 F.3d 777 (2d Cir. 1994).................................................................................................. 7

United States v. Stewart,
    551 F.3d 187 (2d Cir. 2009)................................................................................................ 4

United States v. Wallace,
    213 F.3d 1216 (9th Cir. 2000) ........................................................................................... 6

Weyant v. Okst,
    101 F.3d 845 (2d Cir. 1996)............................................................................................... 7

Wilder v. Vill. of Amityville,
    288 F. Supp. 2d 341 (E.D.N.Y. 2003) .............................................................................. 9

Woods v. Candela,
    921 F. Supp. 1140 (S.D.N.Y. 1996)................................................................................. 8

Yearwood v. LoPiccolo,
    95 Civ. 2544 (DC), 1998 U.S. Dist. LEXIS 12302 (S.D.N.Y. Aug. 10, 1998)................ 10, 14

**Statutes**

42 U.S.C. § 1983................................................................................................................... 1

Fed. R. Civ. P. 56................................................................................................................ 1, 2

Local Civil Rule 56.1 ............................................................................................................. 2

N.Y. Crim. Proc. Law § 140.10(1)(a)..................................................................................... 7

| **Cases** | **Pages** |
|---|---|

N.Y. Penal Law § 195.05 ............................................................................. 8

N.Y. Veh. § Traf. Law § 155 ........................................................................ 7

N.Y. Veh. § Traf. Law § 375 ........................................................................ 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

Victor T.R. Djangmah
A # 427-90075,

                                        Plaintiff,

                        -against-

Officer Falcione, et. al.,

                                        Defendants.

-------------------------------------------------------------------- x

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANT'S MOTION
FOR SUMMARY
JUDGMENT**

08 Civ. 4027 (PAC) (FM)

Defendant Michael Falcione, by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully submits this Memorandum of Law in support of his motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Victor Djangmah, proceeding pro se, brings this action under 42 U.S.C. § 1983 against Police Officer Michael Falcione of the New York City Police Department. In the amended complaint, filed April 22, 2009, plaintiff alleges that Officer Falcione violated his civil rights during a traffic stop which took place in the late night and early morning hours of December 12th and 13th, 2007. Defendant liberally construes the amended complaint to raise claims of an unlawful traffic stop, false arrest, and excessive force, and now moves for summary judgment pursuant to Rule 56 on the following grounds: (1) the decision to stop plaintiff's car was supported by reasonable suspicion; (3) there was probable cause for plaintiff's subsequent arrest; and (3) no reasonable jury could conclude that Officer Falcione subjected plaintiff to excessive force. Additionally, to the extent the Court construes the amended complaint to raise a claim for malicious prosecution, defendant respectfully submits that plaintiff cannot show that

the criminal proceeding arising from his arrest of December 13, 2007 "terminated in his favor" for purposes of a malicious prosecution claim. In light of the foregoing, Officer Falcione respectfully requests that the Court grant his motion for summary judgment in its entirety.

## STATEMENT OF FACTS

For a complete statement of facts, the Court is respectfully referred to Defendant's Local Civil Rule 56.1 Statement of Undisputed Facts, dated May 27, 2011, (hereinafter, "56.1") submitted concurrently herewith.

## STANDARD OF REVIEW

Summary judgment is appropriate if the moving party can demonstrate that "no genuine issue of material fact exists." Jeffreys v. Rossi, 275 F. Supp. 2d 463, 473 (S.D.N.Y. 2003), aff'd, 426 F.3d 549 (2d Cir. 2005); see also FED. R. CIV. P. 56(c). To defeat a motion for summary judgment, the non-moving party "must raise a genuine issue of material fact" that requires a trial. Jeffreys, 275 F. Supp. 2d at 473. In order to raise a genuine issue of fact, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts, . . . and [he] may not rely on conclusory allegations or unsubstantiated speculation." Id. at 473-74 (citations and internal quotations omitted). Rather, the non-moving party "must produce admissible evidence that supports [his] pleadings." Id. (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289-90 (1968)). Summary judgment is appropriate ". . . if the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, . . . or if it is based purely on conjecture or surmise." Savino v. City of New York, 331 F.3d 63, 71 (2d Cir. 2003) (citations and internal quotations omitted).

A motion for summary judgment requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of [each] element to that party's case, . . . since a complete failure of proof concerning an essential element of . . . [the] case

necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations and internal quotations omitted); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (On summary judgment, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). Applying these rules, the Second Circuit has stated:

> [T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.

Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citations omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original).

In the instant case, defendant's motion for summary judgment should be granted because the record reveals no genuine issue of material fact necessitating a trial and there is no competent evidence to sustain a verdict in plaintiff's favor under the governing law.

## ARGUMENT

### POINT I

### THE STOP OF PLAINTIFF'S CAR AND HIS SUBSEQUENT ARREST DO NOT GIVE RISE TO A CLAIM UNDER THE FOURTH AMENDMENT

Officer Falcione's initial stop of plaintiff's car was justified by probable cause and/or reasonable suspicion based on two traffic violations which plaintiff cannot dispute. Furthermore, Officer Falcione undoubtedly had probable cause to arrest plaintiff based on either traffic violation or based on plaintiff's subsequent refusal to comply with Falcione's lawful orders issued during the stop. Accordingly, defendant is entitled to summary judgment on all Fourth Amendment claims arising from the stop of plaintiff's car and his subsequent arrest.

**A.     The Stop Of Plaintiff's Car Was Supported By Reasonable Suspicion And Officer Falcione Lawfully Ordered Plaintiff To Exit The Car**

While probable cause or reasonable suspicion is required to effect a traffic stop, "the observation by a police officer of even minor traffic violations is sufficient reason to stop a car." United States v. Garcia, 279 F. Supp. 2d 294, 298 (S.D.N.Y. 2003); see also United States v. Stewart, 551 F.3d 187, 193 (2d Cir. 2009) ("[T]he reasonable suspicion of a traffic violation provides a sufficient basis under the Fourth Amendment for law enforcement officers to make a traffic stop"). An officer's subjective intent in stopping the car is immaterial, as "an observed traffic violation legitimizes a stop even if the [officers] do not rely on the traffic violation" in effectuating the stop. United States v. Dhinsa, 171 F.3d 721, 725 (2d Cir. 1999); see also United States v. Ferguson, 130 F. Supp. 2d 560, 565 (S.D.N.Y. 2001) ("The Supreme Court has held that the subjective intent of the police in stopping a vehicle is not a factor when determining whether probable cause existed").

Here, there were two independent traffic violations upon which Officer Falcione legitimately could have based the stop of plaintiff's car -- the tinted windows or the modified exhaust system. With respect to the first violation, driving a car with excessively tinted windows is illegal under New York law. See N.Y. VEH. & TRAF. LAW ("V.T.L.") § 375(12-a)(b). With respect to the second, New York law requires that "[e]very motor vehicle operated or driven upon the highways of the state . . . be equipped with an adequate muffler and exhaust system in constant operation and properly maintained to prevent any excessive or unusual noise . . ." V.T.L. § 375(30). Additionally, it is unlawful "to modify the muffler or exhaust system of a motor vehicle in a manner which will amplify or increase the noise emitted by the motor or exhaust system of such vehicle above that emitted by the muffler or exhaust system originally installed on the vehicle . . ." Id.

Plaintiff admits that he, along with his step-son, had made "a lot of modifications" to the car, including the installation of "dark tinted" windows and an exhaust system which caused the car to be "very heavy sounding." See 56.1, at ¶ 17. Consistent with plaintiff's admissions, Officer Falcione observed that the windows of plaintiff's car appeared to be tinted beyond the legal limit, and further, that the car had an exceptionally loud muffler and exhaust system. See 56.1, at ¶ 18. Plaintiff surmises that the tinted windows prompted Officer Falcione to pursue his car, see 56.1, at ¶ 20, but he maintains the actual legality of the windows' tint. However, Officer Falcione was not required to conclusively establish that the windows or exhaust system were, in fact, in violation of the law; rather, a lawful traffic stop requires "only an objectively reasonable belief or suspicion of a violation, supported by articulable facts." Garcia, 279 F. Supp. 2d at 299; see also Holeman v. City of New London, 425 F.3d 184, 191 n2 (2d Cir. 2005) ("The tinted windows alone would justify the stop if they were so dark that an officer,

acting reasonably, would have suspected that there was a traffic violation").[1]  Upon signaling to

plaintiff to pull over, Officer Falcione had formed such a properly-supported belief of both a tint

and exhaust violation, and therefore the stop of plaintiff's car was lawful.

Additionally, plaintiff has no Fourth Amendment claim arising out of Officer

Falcione's order that he exit the car.  Once a lawful traffic stop is effected, an officer may order

the driver out of the car as a matter of course.  <u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 111 n. 6

(1977) (per curium) ("[O]nce a motor vehicle has been lawfully detained for a traffic violation,

the police officers may order the driver to get out of the vehicle without violating the Fourth

Amendment's proscription of unreasonable searches and seizures"); <u>Mollica v. Volker</u>, 229 F.3d

366, 369 (2d Cir. 2000) ("[I]f a stop is lawful, passengers and drivers have no Fourth

Amendment interest in not being ordered out of the stopped vehicle").  Additionally, as observed

by the Honorable Judge Pauley, the presence of tinted windows "bolsters the application of this

bright-line rule" because the potential for harm to officers "increases exponentially" when

approaching vehicles whose occupants and interiors are obscured from view.  <u>Garcia</u>, 279 F.

Supp. at 300 (Holding that a police officer acted properly in opening the car door and ordering

the passenger out during a traffic stop, especially in light of the car's tinted windows).  Officer

Falcione acted well within the boundaries of the Fourth Amendment in ordering plaintiff to exit

the car, and his prerogative to do so was strengthened by the fact that the car had tinted windows.

**B.     Plaintiff's Arrest Was Justified By Probable Cause**

An officer has probable cause to arrest when "he or she has 'knowledge or

reasonably trustworthy information of facts and circumstances that are sufficient to warrant a

---

[1] <u>See also</u> <u>United States v. Wallace</u>, 213 F.3d 1216, 1220 (9th Cir. 2000) ("We don't call upon
the officers to be scientists or carry around and use burdensome equipment to measure light
transmittance, nor do we expect them to discuss the sufficiency or insufficiency of the light
transmittance as if they were an expert witness on the subject").

person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.'" Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006) (quoting Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Pursuant to Devenpeck v. Alford, 543 U.S. 146 (2004), courts assessing false arrest claims look to whether there was probable cause to arrest the plaintiff for any crime, and the arresting officer's "'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.'" Thomas v. City of New York, 09 Civ. 3162 (CM) (HBP), 2010 U.S. Dist. LEXIS 137166, at *20 (S.D.N.Y. Dec. 22, 2010) (quoting Devenpeck, 543 U.S. at 153). In other words, "a claim for false arrest turns only on whether probable cause existed to arrest [the plaintiff], and . . . it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly, 439 F.3d at 154. Accordingly, as long as Officer Falcione had probable cause to arrest plaintiff for any crime, the arrest was privileged and cannot form the basis for a § 1983 suit.

"[I]t is well-established that an officer's direct observation of even a minor traffic violation is sufficient probable cause to arrest the violator." Smart v. City of New York, 08 Civ. 2203 (HB), 2009 U.S. Dist. LEXIS 30241, at *14 (S.D.N.Y. Apr. 1, 2009); see also United States v. Scopo, 19 F.3d 777, 782 (2d Cir. 1994) (Finding probable cause to arrest where officers observed plaintiff violating the V.T.L. by failing to signal while changing lanes).[2] Here, as discussed in Point I, Subpart A, supra, Officer Falcione observed that the windows of plaintiff's car appeared to be tinted beyond the legal limit, and further, that the car had an exceptionally

---

[2] See also V.T.L. § 155 ("For purposes of arrest without a warrant, pursuant to article one hundred forty of the criminal procedure law, a traffic infraction shall be deemed an offense"); N.Y. CRIM. PROC. LAW § 140.10(1)(a) (Authorizing an officer to arrest a person without a warrant "for . . . any offense when he has reasonable cause to believe that such person has committed such offense in his presence").

loud muffler and exhaust system. See 56.1, at ¶ 18. Indeed, plaintiff admits that the car had been heavily modified, and he does not dispute that it had "dark tinted" windows and a "heavy sounding" exhaust system. See 56.1, at ¶ 17. While these factors in and of themselves would allow Officer Falcione to place plaintiff under arrest, cf. Woods v. Candela, 921 F. Supp. 1140, 1,144-45 (S.D.N.Y. 1996) (Holding that officer "was authorized to stop [the plaintiff] for excessively tinted windows . . . as [the officer] witnessed the infraction, under New York law, he was therefore authorized to arrest" the plaintiff); plaintiff's repeated refusals to obey police orders during the traffic stop provided further justification for his arrest.

"An officer has probable cause to arrest for obstructing governmental administration where a person refuses to comply with an order from a police officer." Marcavage v. City of New York, No. 05 Civ. 4949 (RJS), 2010 U.S. Dist. LEXIS 107724, at *30 (S.D.N.Y. Sept. 29, 2010) (internal quotation and citation omitted); see also N.Y. PENAL LAW § 195.05 ("A person is guilty of obstructing governmental administration when he intentionally prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference"). It is undisputed that plaintiff failed to comply with multiple commands from Officer Falcione, giving rise to probable cause to arrest plaintiff for obstruction of governmental administration ("O.G.A."). When Officer Falcione requested that plaintiff exit the car, plaintiff refused to comply and engaged Falcione in a three to five minute "confrontation" over the issue. See 56.1, at ¶¶ 24, 25; cf. Lennon v. Miller, 66 F.3d 416, 424 (2d Cir. 1995) (finding probable cause for arrest where plaintiff refused to follow officer's order to leave her vehicle). Thereafter, plaintiff objected three times to Officer Falcione's order that plaintiff keep his hands positioned on the hood of the police Impala, and persisted in turning

around to protest the opening of the truck of the car.[3] See 56.1, at ¶¶ 27-29; cf. Wilder v. Vill. of Amityville, 288 F. Supp. 2d 341, 344-45 (E.D.N.Y. 2003) (Holding that officers had probable cause to arrest plaintiff for O.G.A. where she ignored three orders to move away from an area in which a tree was being removed), aff'd, 2004 U.S. App. LEXIS 22148 (2d Cir. Oct. 25, 2004); Decker v. Campus, 981 F. Supp. 851, 858 (S.D.N.Y. 1997) (Holding that officer had probable cause to arrest plaintiff for O.G.A. where plaintiff failed to obey the officer's order to "step back" from an accident scene).

Officer Falcione had probable cause to arrest plaintiff based on either of the two traffic violations which justified the initial stop or based on plaintiff's subsequent refusal to comply with lawful orders, and therefore he is entitled to summary judgment on plaintiff's false arrest claim.

### POINT II

**THERE IS INSUFFICIENT EVIDENCE IN THE RECORD FROM WHICH A JURY COULD REASONABLY CONCLUDE THAT OFFICER FALCIONE USED EXCESSIVE FORCE AGAINST PLAINTIFF**

Plaintiff asserts that he was "brutalized" by Officer Falcione and a group of ten unidentified police officers during the course of his arrest, see Krasnow Decl. at Exh. B, Part II(D), however the record lacks any evidence whatsoever to support plaintiff's claims as to the heinous nature of the alleged assault and the severity of the injuries he allegedly sustained.

A claim for excessive force in the context of a seizure is analyzed under the Fourth Amendment to determine if the use of force was objectively reasonable. See Scott v.

---

[3] Plaintiff stated for the first time at his deposition that his car was searched during the traffic stop which forms the basis for his civil suit. Defendant does not interpret the amended complaint to raise a claim related to the alleged search of the car. Nonetheless, should this Court construe plaintiff's amended complaint to include such a claim although plaintiff has not pled it, defendant reserves his right to supplement the instant motion.

# FILED UNDER SEAL

Pursuant to Court Order Dated 6/15/2011

# FILED UNDER SEAL

Pursuant to Court Order Dated 6/15/2011

# FILED UNDER SEAL

Pursuant to Court Order Dated 6/15/2011

# FILED UNDER SEAL

Pursuant to Court Order Dated 6/15/2011

# FILED UNDER SEAL

Pursuant to Court Order Dated 6/15/2011

proceeding; and (4) that the criminal proceeding was instituted in actual malice." Russo v. New York, 672 F.2d 1014, 1018 (2d Cir. 1982). With respect to the second element, "[w]here the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused . . . only when its final disposition is such as to indicate the innocence of the accused." Murphy v. Lynn, 118 F.3d 938, 948 (2d Cir. 1997). Whether the termination is indicative of innocence depends on the nature and circumstances of the termination; the dispositive inquiry is whether the failure to proceed "implies a lack of reasonable grounds for the prosecution." Id. (internal quotation and citation omitted).

Here, the District Attorney's Office sought dismissal of the charges against plaintiff in the interest of judicial economy based on information provided by plaintiff's criminal defense attorney that plaintiff was in federal custody in Texas and awaiting deportation. See 56.1, at ¶¶ 49, 50. It is apparent from the transcript of the proceedings that the Court granted the People's motion because plaintiff was no longer in the state's custody. See, 56.1, at ¶ 51. At no time did the Court address the merits of the charges against plaintiff, and there is no indication or suggestion of a lack of reasonable grounds to proceed with the prosecution against him. See generally Krasnow Decl., Exh. H. Accordingly, dismissal of the charges on the grounds that plaintiff was in federal custody and awaiting deportation cannot be deemed a "favorable termination" for purposes of a malicious prosecution. To the extent that the Court construes the amended complaint to raise such a claim, it fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Officer Falcione respectfully requests that the Court dismiss the amended complaint as against him in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         May 27, 2010

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the City of New York
                              Attorney for Defendant Officer Falcione
                              100 Church Street, Room 3-170
                              New York, New York 10007
                              (212) 788-0976

                    By:      *E. Krasnow*
                              _____
                              Elizabeth N. Krasnow
                              Assistant Corporation Counsel