| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------ x<br>VICTOR T.R. DJANGMAH,        :<br>                             :<br>            Plaintiff,       :<br>                             :<br>    - against -              :<br>                             :<br>OFFICER FALCIONE, et al.,    :<br>                             :<br>                             :<br>            Defendants.      :<br>------------------------------------------------------ x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: March 25, 2013<br><br>08 Civ. 4027 (PAC) (FM)<br><br>**ORDER ADOPTING REPORT**<br>**AND RECOMMENDATION** |

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 1, 2008, pro se plaintiff Victor T.R. Djangmah ("Djangmah") brought this 42 U.S.C. § 1983 action against the New York City Police Department ("NYPD"), NYPD officer Michael Falcione ("Falcione"), and several John Doe NYPD officers, alleging a violation of his constitutional rights arising out of his arrest after a traffic stop. (ECF No. 2.) On June 22, 2011, Defendants moved for summary judgment. (ECF No. 51.) Subsequently, Magistrate Judge Maas allowed Defendants to withdraw that motion so that Ivan Eli, a witness to the traffic stop, could be deposed. (ECF. No. 62.) Defendants' motion was renewed on March 12, 2012. (ECF No. 77.) On June 15, 2012, Djangmah filed a declaration, captioned as a "Cross-Motion for Summary Judgment," along with voluminous exhibits (ECF No. 72), and, on July 9, 2012, he filed a sworn statement of undisputed facts. (ECF No. 74.) Magistrate Judge Maas issued a Report and Recommendation on January 18, 2013 (the "R&R"), construing Djangmah's filings as his opposition to Defendants' motion (R&R at 9) and recommending that Defendants' motion be granted in part, and denied in part. (ECF No. 84.) Djangmah filed timely objections. (ECF 86.)

1

For the following reasons, the Court adopts Magistrate Judge Maas's R&R; summary judgment is granted in part and denied in part.

## BACKGROUND[1]

On the evening of December 12, 2007, Djangmah was driving in the Bronx in a car with darkly tinted windows and an exhaust system that had been modified to make it sound "heavy." Falcione and his partner observed Djangmah driving near the intersection of Jerome Avenue and West 190th Street. Noticing the car's heavily tinted windows and excessive and unusual noise, Falcione believed that the car violated New York's Vehicle and Traffic Law and signaled for Djangmah to pull over. Upon approaching the vehicle, Falcione observed that Djangmah's eyes appeared to be bloodshot and asked him to exit the car. Eventually, Djangmah complied and was directed to stand with his hands on the hood of the police car.

When the officers attempted to pry open the trunk of Djangmah's car with a screwdriver, he protested and removed his hands from the police car to point out where the trunk's release was. The officers pushed him against the police car and placed him in handcuffs. In doing so, Falcione slammed his head against the hood of the car. Djangmah reacted by yelling hysterically, at which point the officers placed him face-down on the ground. Other NYPD officers soon arrived and held Djangmah down by placing their feet on his thigh, ankle, and neck while twisting his ankle and kicking him. An officer then placed Djangmah in the back seat of the police car, closing the door on his ankle.

In an effort to get the officers' attention concerning his foot, Djangmah repeatedly hit his head against the car window. In doing so, he shattered part of the window and caused his head to bleed. An officer then dragged Djangmah out of the car, causing Djangmah's head to strike the

---

[1] All facts are taken from the R&R, which "are undisputed or set forth in the light most favorable to Djangmah." (R&R at 2.) Falcione contests this version of the events in question. (See R&R at 5.)

ground, and returned him to a face-down position on the pavement. A supervising officer turned him over and checked for cocaine by putting his hands in Djangmah's pants and squeezing his testicles. Following his arrest, Djangmah was taken to St. Barnabas Hospital for medical treatment.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where there is a dispute, courts resolve all ambiguities and draw all factual inferences in favor of the no-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Pro se litigants are generally entitled to a liberal construction of their pleadings. Green v. U.S., 260 F.3d 78, 83 (2d Cir. 2001).

District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to an R&R, courts review the contested portions de novo. 28 U.S.C. § 636(b); Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court may adopt the portions of the R&R to which no objections are made so long as "there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Objections must be "specific and clearly aimed at particular findings" in the R&R; if a party makes only conclusory or general objections, the R&R is reviewed for clear error. Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Nevertheless, while the Court acknowledges Djangmah's pro se status and affords his objections a liberal construction, Djangmah is "not exempt from the 'rules of

procedural and substantive law.'" DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

## II. The Report and Recommendation

### A. Section 1983

Magistrate Judge Maas recommended dismissing Djangmah's § 1983 claim against the NYPD because it is not a suable entity. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007). If the § 1983 claim against the NYPD is construed liberally as having been asserted against the City of New York ("the City"), the claim would be time-barred because Djangmah's four year delay in naming the City as a defendant is not a "mistake" about which the City should have reasonably known. See Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 331-32 (2d Cir. 1997); Fed. R. Civ. P. 15(c)(1)(C)(ii).

With respect to the John Doe defendants, Djangmah failed to name any individual NYPD officers within three years of the events at issue. See Jaghory, 131 F.3d at 331-32. Accordingly, Magistrate Judge Maas recommended dismissing the claims against the John Doe defendants as violative of the statute of limitations because Djangmah can no longer bring claims against the previously unidentified defendants. See Aslandis v. U.S. Lines, Inc., 7 F.3d 1067, 1075 (2d Cir. 1993) ("'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued.").

Magistrate Judge Maas did find that summary judgment is inappropriate with respect to the § 1983 claim against Falcione. A triable issue of fact exists because a reasonable jury could find that Falcione's conduct, as alleged by Djangmah, was excessive and constituted more than a de minimis use of force. Pierre-Antoine v. City of New York, No. 04 Civ. 6987, 2006 WL 1292076, at *3 (S.D.N.Y. May 9, 2006). It is the role of the trier of fact to "determine whether, in

4

light of the totality of the circumstances faced by the arresting officer, the amount of force used was objectively reasonable at the time." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 123 (2d Cir. 2004). "Granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." Id. That is not the case here.

The Court finds no clear error with the determinations regarding the NYPD and Falcione and adopts those sections of the R&R. Accordingly, Defendants' motion to dismiss the § 1983 claim is granted with respect to the NYPD and denied with respect to Falcione.

B. *Monell*

As discussed supra, the NYPD is not a suable entity, Jenkins, 478 F.3d at 93 n.19, and if construed as a claim against the City, Djangmah's Monell claim would be time-barred. See Jaghory, 131 F.3d at 331-32; Fed. R. Civ. P. 15(c)(1)(C)(ii). Magistrate Judge Maas recommended that the motion for summary judgment be granted with respect to Djangmah's Monell claim. The Court finds no clear error with this analysis and grants Defendants' motion.

C. Negligent Infliction of Emotional Distress

In the Second Amended Complaint, Djangmah added a claim for negligent infliction of emotional distress. Magistrate Judge Maas recommended dismissing this claim as time-barred against the NYPD and John Doe defendants because it does not relate back to a valid claim against them filed within the applicable statute of limitations. See Jaghory, 131 F.3d at 331-32; Fed. R. Civ. P. 15(c)(1)(C)(ii).

Magistrate Judge Maas concluded that it is not time-barred against Falcione, however, because it "plainly arises out of the same conduct alleged" in the § 1983 claim. (R&R at 20.) Nevertheless, he recommended granting summary judgment because Falcione's conduct was not

5

so severe as to meet the high threshold for a claim of negligent infliction of emotional distress. See Cucchi v. NYC Off-Track Betting Corp., 818 F. Supp. 647, 656 (S.D.N.Y. 1993); Wolkstein v. Morgenstern, 713 N.Y.S.2d 171, 172 (App. Div. 2000). Furthermore, this claim improperly duplicates Djangmah's § 1983 claim. See Wolkstein, 713 N.Y.S.2d at 172  The Court finds no clear error with this recommendation and dismisses Djangmah's emotional distress claim.

D. Fourth Amendment

Magistrate Judge Mass found that Djangmah's Fourth Amendment claim is time-barred as against all defendants other than Falcione. See Jaghory, 131 F.3d at 331-32; Fed. R. Civ. P. 15(c)(1)(C)(ii). With respect to Falcione, Magistrate Judge Maas noted that the Second Amended Complaint concedes that Djangmah's car's windows were tinted and its exhaust system was modified to be unusually loud, creating probable cause for Falcione to believe that it violated New York's traffic laws. See U.S. v. Scopo, 19 F.3d 777, 782 (2d Cir. 1994). The Court finds no error with this determination. Falcione's motion for summary judgment is therefore granted with respect to Djangmah's Fourth Amendment claim.

E. Respondeat Superior

Finally, Djangmah seeks to hold the NYPD liable for the acts of its officers. The NYPD is not a suable entity and this claim must be dismissed. Jenkins, 478 F.3d at 93 n.19. Moreover, Magistrate Judge Maas found that even if this claim was deemed to be against the City, it would fail because courts "have consistently refused to hold municipalities liable under a theory of respondeat superior," Bd. of Cnty. Comm'rs of Bryan Cnty.. v. Brown, 520 U.S. 397, 403 (1997), absent  "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989). Finding that Djangmah failed to show any such link, Magistrate Judge Maas recommended that summary

judgment be granted as to Djangmah's respondeat superior claim. The Court finds no error with this analysis and grants Falcione's motion.

## II. OBJECTIONS

Among Djangmah's lengthy, but less than lucid, objections, the Court has identified four "specific and clearly aimed" objections. Molefe, 602 F. Supp. 2d at 487. First, Djangmah objects to the finding that his claims are time-barred as to the John Doe defendants. He argues that it was the duty of Defendants' counsel to provide him with the "names and service addresses" of all NYPD officers involved, pursuant to Magistrate Judge Maas's Order of May 15, 2008. (ECF No. 4.) However, in a timely response to the Order, Defendants' counsel identified Falcione as a defendant and explained that the remaining John Does could not be identified based on the limited information provided by Djangmah. (ECF No. 6.) In a subsequent Order, Magistrate Judge Maas stated that Djangmah could pursue discovery concerning the John Doe officers once he amended his complaint to name Falcione and served him. (ECF No. 9.) Nothing in the record suggests that Djangmah made any additional efforts to identify the John Doe defendants. "Where a plaintiff 'has had ample time to identify' a John Doe defendant, but gives 'no indication that he has made any effort to discover [their] name,' . . . the plaintiff 'simply cannot continue to maintain a suit against' the Doe defendant." Coward v. Town & Vill. of Harrison, 665 F. Supp. 2d 281, 300-01 (S.D.N.Y. 2009) (quoting Kearse v. Lincoln Hosp., No. 07 Civ. 4730, 2009 WL 1706554, at *3 (S.D.N.Y. June 17, 2009)). Djangmah's objection is without merit and the Court accepts Magistrate Judge Maas's recommendation that the claims against the John Doe defendants are time-barred. See Jaghory, 131 F.3d at 331-32; Aslanidis, 7 F.3d at 1075.

Second, Djangmah objects that Magistrate Judge Maas failed to accord him the proper latitude and liberal construction of his papers as a pro se litigants. See Green v. U.S., 260 F.3d

7

78, 83 (2d Cir. 2001).  Magistrate Judge Maas acknowledged Djangmah's pro se status and noted the relevant legal standards for adjudicating cases brought by pro se plaintiffs.  (R&R at 12.)  Djangmah has not specified any examples of improper analysis, nor has the Court's own review of the R&R revealed any. The Court therefore finds that there is no merit to this objection.

Third, Djangmah objects to an alleged conflict of interest arising out of the Court's past service as Corporation Counsel for the City from 1994 to 1997.  Judges are required to recuse themselves from "any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "The decision whether to grant or deny a recusal motion . . . is a matter confided to the district court's discretion," Apple v. Jewish Hosp. & Med. Ctr., 829 F.2d 326, 333 (2d Cir. 1987).  In determining whether to do so, judges must inquire whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  U.S. v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). The Court concludes that they would not.  First, no motion for recusal has been made in this matter.  Moreover, the Court's municipal service ended more than a decade and a half ago and at no point involved Djangmah or the events at issue.  Accordingly, this objection lacks merit.

Fourth, Djangmah objects to counsel for Defendants "add[ing] to the record" because she "is not a witness."  (Objections at 16.)  A party moving for summary judgment may rely on "depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . [or] interrogatory answers" to demonstrate the absence of a genuine dispute as to material facts.  Fed. R. Civ. P. 56(c).  Defendants have properly introduced such materials and the R&R relies only on admissible evidence.  Accordingly, Djangmah's final objection is without merit.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Maas's R&R in its entirety.

Defendants' motion for summary judgment is DENIED with respect to the § 1983 claim against Falcione and GRANTED with respect to all other claims. The Clerk of the Court is directed to terminate the motion at Docket Nos. 72 and 77. The reference to Magistrate Judge Maas for further proceedings is continued.

Dated:     New York, New York
           March 25, 2013

SO ORDERED.

PAUL A. CROTTY
United States District Judge\

Copies Mailed By Chambers To:

Victor TR Djangmah
12 Post Lane
Riverdale, NJ 07457

Copies E-mailed By Chambers To:

Elizabeth N. Krasnow